## EZRA PERKINS *versus* OLIVER RAITT.

The general issue admits the tenant to be in possession of all the land not specially disclaimed.

Where the disclaimer does not extend to the *whole* of the demandant's land, the tenant is guilty of disseizin, and has no right to retain the possession of any portion of it, however minute, which is capable of admeasurement.

WRIT OF ENTRY.

REPORTED by RICE, J., presiding at *Nisi Prius*.

There was also a motion to set aside the verdict as against law and evidence, and because it established the right of the demandant to recover all that portion of the premises which the tenant has disclaimed.

The point of law raised in the report will be fully understood by the opinion of the court.

*E. E. Bourne,* counsel for plaintiff.

*J. Dana, Jr.,* and *Eastman & Leland,* counsel for plaintiff.

APPLETON, J.   The demandant and tenant are owners of adjacent lots, and this controversy relates to the boundary line between them.

The tenant in his disclaimer describes the line, which separates his close from that of the demandant as follows: "thence back from said road by said wall and an old fence, or where an old fence stood, to land of John and James Osborn, thence by said Osborn's to the burying-ground."

The general issue admits the tenant to be in possession of all land not specially disclaimed.   Treat v. Strickland, 23 Maine R., 234.

The dispute between these parties is whether the tenant in his disclaimer described the true boundary line.   The jury have found he did not, and by reference to a plan made by order of court, have in a special finding designated the true line, by which it appears that the wall and fence trench are an inch or two on the land of the demandant.

The verdict followed the issue, and is correct in form.   By reference to the special finding of the jury, it is apparent that the disclaimer does not extend to the whole of the demandant's land.   The tenant therefore was guilty of disseizin, and the extent of that disseizin is seen by comparing the special findings of the jury with the tenant's disclaimer.   The demandant has no claim for mesne profits, and it is not readily perceived how the tenant would have been benefited by any special finding as to the disclaimer, since that does not cover the premises demanded.

The jury have found that the tenant has disseized the demandant of an inch or two of his land on the boundary line. Against this claim the counsel for the tenant invoke the maxim, "*de minimis lex non curat.*"   But we know of no portion of real estate, however minute, which is capable of admeasurement, of which one has a right to disseiz another, or of which having wrongfully disseized him, he has a right to retain the possession.   In Pindar v. Wardsworth, 2 East., 162, the plaintiff recovered one farthing as damages for an injury to his common.   The smallness of the damages was

urged as an argument against the maintenance of the action, but remarked Lawrence, J., "the smallness of the damages can be no reason for entering a nonsuit." So here if the tenant can disseize the demandant of an inch, and he is not to receive the protection of the law, it is difficult to determine at what number of inches his legal rights will commence.

The rulings of the presiding judge have not been the subject of exception, and upon examining the facts, no cause is found why the verdict should be disturbed.

